

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2008

# Bradley v. GMAC Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bradley v. GMAC Ins Co" (2008). *2008 Decisions.* Paper 708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3656

LONSHYA BRADLEY; DONNA ROSAS, AS GUARDIAN OF
LONSHYA BRADLEY; DONNA ROSAS, IN HER OWN RIGHT,

Appellants

v.

GMAC INSURANCE COMPANY, also known as,
NATIONAL GENERAL INSURANCE COMPANY, also known as,
NATIONAL GENERAL ASSURANCE COMPANY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 03-cv-05103)
District Judge:  Hon. Louis H. Pollak

Submitted under Third Circuit LAR 34.1 (a)
on April 11, 2008

Before:  SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed   August 6, 2008  )

**ROTH,** Circuit Judge:

Before us is an appeal by Thaddeus Bartowski, counsel for Lonshya Bradley and Donna Rosas, challenging the grant of attorney's fees by the District Court. The District Court awarded attorney's fees of $17,952.47 on a petition requesting $37,372.75. Bartowski challenges the District Court's decision to deny him credit for certain hours he attributed to this case, the District Court's chosen percentage enhancement of the lodestar amount, and the final calculation by the District Court determining his fee. Finding no error, we will affirm the decision of the District Court.

## I. BACKGROUND

Lonshya Bradley was a minor pedestrian who was struck by an automobile. The driver was insured by GMAC Insurance Co. Bradley had no personal or medical insurance available and was a recipient of benefits from the Department of Public Assistance (DPA). As a result of her injuries, DPA incurred medical expenses in excess of $400,000, for which DPA had a lien against any possible recovery by Bradley.

Bartowski represented Bradley in her lawsuit against GMAC. The lawsuit ultimately settled for $225,000. DPA agreed to accept one-half of the settlement in satisfaction of its lien, and to pay attorney's fees of $37,500 and costs of $381.74.

Local Rule 41.2(c) in the Eastern District of Pennsylvania requires court approval before attorney's fees are paid out of any fund obtained for a minor or incapacitated person. E.D. Pa. Civil Rule 41.2. Accordingly, when Bartowski requested attorney's fees be paid out of the settlement, the District Court required an hourly accounting pursuant to *Polselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 532 (3d Cir. 1997). Bartowski requested that the fee reflect 213.5 hours of work compensable at $300 per hour and enhanced by 16.7% to reflect the risk inherent to a contingent fee case. The District Court excluded 41.9 hours from consideration and concluded that the applicable billable rate should be $275 per hour but did grant the requested 16.7% enhancement.

With the District Court's modifications, the total award of fees and costs that it found to be appropriate was $55,452.47. The District Court then subtracted the $37,500 fee award paid by the DPA from this amount to arrive at its final fee award of $17,952.47.

## II. DISCUSSION

The District Court had diversity jurisdiction pursuant to 42 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the reasonableness of an attorney's fee award for abuse of discretion by the District Court. *Polselli*, 126 F.3d at 533 n. 11; *accord In re LaRocca's Trust Estate*, 246 A.2d 337, 339 (PA. 1968).

### A. Fee Calculation

Bartkowski challenges the District Court's calculation of his fee. He argues that it erred in excluding certain hours from consideration and in applying a 16.7 percent

3

enhancement to the final fee.

The District Court provided ample explanation for its decision not to include the 41.9 hours at issue in calculating an appropriate fee. We find that the District Court did not abuse its discretion for substantially the same reasons set forth in the District Court's opinion.

The District Court applied a 16.7 percent enhancement because that was the largest enhancement that Bartowski asked for and the District Court found that it was justified. On appeal, Bartowski argues that the 16.7 percent number was chosen because, together with his proposed total hours and hourly rate, it would result in a fee equal to one third of the settlement value. Had he known the District Court would reduce the hours and hourly rate credited to him, he claims he would have asked for a higher percentage enhancement.

However, the fact remains that Bartowski did not ask for more than a 16.7 percent enhancement. The District Court is not required to guess at the attorney's reason for choosing to request a particular enhancement, much less to adjust the enhancement to better effect that purpose. We find that the District Court did not abuse its discretion in declining to do so.

### B. Fee Division

After determining that the total fees and costs should be $55,452.47, the District Court determined the amount due to Bartowski from Bradley's portion of the settlement by subtracting from that total the $37,500 already paid by the DPA. Bartowski argues that the District Court instead should have divided the total costs in half, and treated the payment

4

from each client separately. On this interpretation Bradley's portion of his fee would be $27,726.24.

The local rule applied here places the decision of what fee is appropriate at the discretion of the District Court. E.D. Pa. Civil Rule 41.2(c). The District Court applied the standard of *Polselli* to determine the fee that Bartowski deserved for the entirety of his efforts. Having done so, there was no requirement that the District Court divide the fee between the DPA and Bradley. The District Court acted well within its discretion in ruling in such a way that Bartowski received the overall fee to which it had concluded that he was entitled. The only contrary authority that has been brought to our attention stands for the quite separate proposition that successive attorneys are each entitled to their fees *quantum meruit*. *Mulholland v. Kearns*, 822 F.Supp. 1161, 1169-70 (E.D. Pa. 1993).

## III.  **CONCLUSION**

For the foregoing reasons, we will affirm the order of the District Court.